UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SARATH DEAM, | : |
| | : |
| Petitioner, | : |
| | : |
| v. | : NO. 3:04CV1958 (MRK) |
| | : |
| IMMIGRATION AND | : |
| NATURALIZATION SERVICE (INS), | : |
| now known as BICE, | : |
| | : |
| Respondent. | : |

## RULING

Petitioner Sarath Deam, proceeding *pro se*, currently has pending before this Court a Petition for Writ of Mandamus [doc. #1] pursuant to 28 U.S.C. § 1361, which provides a cause of action in federal court "to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." *Id.* Mr. Deam, a citizen and native of Thailand, is currently serving a four year sentence in the Robinson Correctional Institute in Enfield Connecticut, for violation of probation, with an expected release date of June 30, 2006. On June 16, 2003, the Bureau of Customs and Immigration Enforcement (BICE) placed a detainer on Petitioner to determine whether Petitioner is subject to removal to Thailand.[1]

The Court construes Mr. Deam's petition liberally, as he is proceeding *pro se*. *See Fleming v. United States*, 146 F.3d 88, 90 (2d Cir. 1998) ("[A] district court must review a *pro se* petition . . . 'with a lenient eye, allowing borderline cases to proceed.' ") (quoting *Williams v.*

---

[1] On March 1, 2003, the Immigration and Naturalization Service (INS) was abolished and its functions transferred to three bureaus within the Department of Homeland Security. The immigration enforcement duties of the INS were transferred to BICE.

1

*Kullman*, 722 F.2d 1048, 1050 (2d Cir. 1983)).  Mr. Deam claims that the retainer "places him in a precarious position as he will not be eligible for any type of pre-release program or halfway house due to the detainer."  Petition for Writ of Mandamus [doc. #1] at 1.  In his Petition, Mr. Deam asks the Court to: (1) order his detainer lifted; and (2) order a hearing before an immigration judge regarding his removability from the United States.

The writ of mandamus is an "extraordinary remedy," seldom granted.  *In re W.R. Huff Asset Mgmt. Co.*, 409 F.3d 555, 562 (2d Cir. 2005) (internal quotations omitted).  The Second Circuit has established three prerequisites to the issuance of a writ of mandamus: "(1) a clear right in the plaintiff to the relief sought; (2) a plainly defined and peremptory duty on the part of the [respondent] to do the act in question; and (3) no other adequate remedy available." *Anderson v. Bowen*, 881 F.2d 1, 5 (2d Cir. 1989).

As for Mr. Deam's request to have his INS detainer lifted, the Court notes that it recently had occasion to address a similar request in *Medina v. INS*, No. 3:03CV902(MRK), 2003 WL 23025217 (D. Conn. Dec. 17, 2003).  In *Medina*, this Court stated that BICE

> derives its authority to initiate removal proceedings against aliens convicted of aggravated felonies from 8 U.S.C. § 1228(a)(3)(A), which provides that the Attorney General "shall provide for the initiation . . . of removal proceedings . . . in the case of any alien convicted of an aggravated felony before the alien's release from incarceration for the underlying aggravated felony." The placing of a detainer fits within the powers granted by this provision. These powers are discretionary, pursuant to 8 U.S.C. § 1228(a)(3)(B), which provides that "[n]othing in this section shall be construed as requiring the Attorney General to effect the removal of any alien sentenced to actual incarceration before release from the penitentiary or correctional institution where such alien is confined."

*Id.* at *1.  As such, BICE "does not have a duty to perform any act under the provision, and therefore, there is no basis for issuance of a writ of mandamus" to lift the detainer placed on Mr.

Deam. *Id.; see Ferris v.* INS, 303 F. Supp. 2d 103, 107-08 (D. Conn. 2004); *Ibrahimi v. INS*, No. 303CV1432(SRU), 2004 WL 34863, at *1 (D. Conn. Jan. 6, 2004) (denying petition for writ of mandamus because petitioner "does not enjoy a clear right to have his detainer lifted"); *Bell v. INS*, 292 F. Supp. 2d 370, 373 (D. Conn. 2003) (same). *Cf. Duamutef v. INS*, 386 F.3d 172, 180 (2d Cir. 2004) ("Until [an imprisoned alien] is released by the state . . . the pace at which the Attorney General proceeds to take [such alien] into custody and execute the removal order is within his discretion and thus beyond mandamus or habeas review.").

Mr. Deam's claim that the detainer impedes him from taking advantage of certain programs administered by the Connecticut Department of Corrections (DOC) fails as well.  The Second Circuit has held that a BICE detainer "constitutes (1) a notice that future [BICE] custody will be sought at the conclusion of a prisoner's pending confinement by another jurisdiction, and (2) a request for prior notice regarding the termination of that confinement, and thus does not result in present confinement by [BICE]." *Roldan v. Racette*, 984 F.2d 85, 88 (2d Cir. 1993). Because the detainer functions as a notification, it does not directly affect a prisoner's status. *See Medina*, 2003 WL 23025217, at *1.  Furthermore, under Connecticut law, placement in institutional programs and administration of the parole program is entirely discretionary. *See* Conn. Gen. Stat. § 18-100(e) ("*If* the Commissioner of Correction deems that the purposes of this section may thus be more effectively carried out, the commissioner *may* transfer any person from one correctional institution to . . . any public or private nonprofit halfway house, group home or mental health facility or, after satisfactory participation in a residential program, to any approved community or private residence.  Any inmate so transferred shall remain under the jurisdiction of said commissioner.") (emphasis added); Conn. Gen. Stat. § 18-100c (certain persons convicted of

3

crimes "*may be released* pursuant to [Conn. Gen. Stat. § 18-100(e)] or to any other community correction program approved by the Commissioner of Correction.") (emphasis added).  Because "Connecticut statutes relating to and governing the Connecticut Board of Parole do not provide a clear right to demand or apply for parole and vest broad discretion with the Board to determine whether an inmate should be released on parole," Mr. Deam has no right to the discretionary relief he seeks.  *Bell*, 292 F. Supp. 2d at 373.

      Accordingly, because Mr. Deam has no right to the lifting of his detainer or to participation in discretionary DOC programs, insofar as Mr. Deam's petition for a writ of mandamus [doc. #1] seeks this relief, it must be DENIED.   As for Mr. Deam's request to have a hearing before an immigration judge to determine his status, the Government represented to this Court in their Supplement to the Record [doc. #6], at 1, that Mr. Deam was served with a Notice to Appear dated December 8, 2004, which ordered him to appear before an immigration judge in Hartford to determine his immigration status and removability.  Mr. Deam has not argued otherwise.  Therefore, insofar as his Petition sought a hearing before an immigration judge to determine his immigration status, it is DENIED AS MOOT.

      For the reasons stated above, Mr. Deam's Petition for a Writ of Mandamus [doc. #1] is DENIED.  **The Clerk is directed to close this file.**

                            IT IS SO ORDERED.

                    /s/      Mark R. Kravitz
                          United States District Judge

**Dated at New Haven, Connecticut: <u>August 30, 2005.</u>**